# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

## 2023 MSPB 26

Docket No. DE-0841-18-0053-I-1

**Ronald L. Moulton,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency**,

**and**

**Director of the Office of Personnel Management,[1]**

**Intervenor,**

**and**

**Jill Moulton,[2]**

**Intervenor.**

November 28, 2023

<u>Ronald L. Moulton</u>, Longmont, Colorado, pro se.

<u>Jessica Johnson</u>, <u>Nicole M. Lohr</u>, and <u>Tynika Faison Johnson</u>, Washington, D.C., for the agency and for the intervenor, the Director of the Office of Personnel Management.[3]

<u>Jill Moulton</u>, Oro Valley, Arizona, pro se.

---

[1] The now-former Director of the Office of Personnel Management (OPM) intervened below.

[2] Although the Board originally identified Jill Kuryvial as a potential intervenor, that individual has referred to herself as Jill Moulton, and thus we have done so here.

[3] It appears that the agency's representatives in this matter are also appearing as representatives for the Director of the OPM as intervenor. Petition for Review (PFR) File, Tab 20 at 15.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1　　The Office of Personnel Management (OPM) petitions for review of the initial decision reversing its final decision recalculating the apportionment of the appellant's Federal Employees' Retirement System (FERS) benefit payable to his former spouse.　For the following reasons, we DENY OPM's petition and AFFIRM the initial decision as MODIFIED by this Opinion and Order, which supplements the initial decision and still reverses OPM's final decision.

BACKGROUND

¶2　　The appellant and his former spouse (hereinafter "intervenor") were married on November 11, 1988.　Initial Appeal File (IAF), Tab 13 at 54.　On July 12, 2004, a Colorado state court entered a decree of dissolution of marriage and a domestic relations court order awarding the intervenor a pro rata share of the appellant's "gross monthly annuity" under FERS, including "any benefit the Employee earns based on special ATC [Air Traffic Controller] service." *Id.* at 53-57.　Effective May 31, 2010, the appellant retired with over 25 years of creditable service as an ATC with the Federal Aviation Administration. *Id.* at 9, 43, 45, 101-03.　OPM thereafter granted the appellant's application for immediate retirement under FERS and determined that he was entitled to a basic annuity under the statutory provision for ATCs and an annuity supplement under 5 U.S.C. § 8421. *Id.* at 9, 14, 43, 101.　In December 2010, OPM notified the appellant and the intervenor that it would pay the intervenor a pro rata share of the appellant's basic annuity as provided for in the court order. *Id.* at 5, 28-29.　At that time, OPM did not include the appellant's FERS annuity supplement in its computation of the intervenor's court-ordered apportionment. *Id.* at 5.

¶3        Nearly 6 years later, OPM issued August 25, 2016 letters to the appellant and the intervenor informing them that it had incorrectly calculated the benefit the intervenor was receiving under the court order.  IAF, Tab 13 at 24-27.  OPM indicated that the appellant's FERS annuity supplement "is to be treated the same way" as the FERS basic annuity for purposes of calculating the benefit paid to the intervenor, and that the amount he receives under the FERS annuity supplement provisions must be included in the calculation of the benefit paid to the intervenor.  *Id.* at 24.  Thus, OPM notified the appellant and the intervenor that the appellant's annuity payment would be prospectively reduced, and the intervenor's benefit prospectively increased, due to the change in calculation, and that OPM would also retroactively collect the additional benefits due the intervenor back to June 1, 2010, which was the date the appellant's FERS annuity supplement payments began.  *Id.* at 24-29.  This retroactive treatment resulted in an underpayment the appellant owed to the intervenor in the amount of $24,535.30, to be deducted by OPM in installments from the appellant's annuity.  *Id.*  After the appellant requested reconsideration of the decision, *id.* at 9, 25, OPM issued a December 12, 2017 final decision affirming its initial decision.  OPM concluded that it is required under 5 U.S.C. § 8421(c) and the terms of the domestic relations court order to include the appellant's FERS annuity supplement in the computation of the court-ordered division of his FERS annuity, and that this determination did not involve a "policy change" by OPM.[4]  *Id.* at 8-12.  OPM noted that it would take no action to collect the $24,535.30 overpayment until after the appellant exhausted his administrative and appeal rights, and OPM notified him of his right to appeal to the Board.  *Id.* at 12.

---

[4] OPM issued reconsideration decisions on February 23, 2017, and October 16, 2017, reaching the same conclusion, but notifying the appellant of its intent to temporarily suspend its collection efforts.  IAF, Tab 13 at 15-23, Tab 30, Initial Decision (ID) at 2-3, 5-6.  OPM rescinded those decisions, and the December 12, 2017 reconsideration decision is the subject of this appeal.  IAF, Tab 13 at 9, 15-23; ID at 2-3.

¶4          On appeal, the appellant asserted that OPM erred in providing his former spouse a pro rata share of his annuity supplement because the domestic relations court order did not expressly provide for a division of his annuity supplement, as required by 5 U.S.C. § 8467, and OPM's decision to apportion such payments constituted a new "legislative rule" that required notice and comment rulemaking before implementation.  IAF, Tab 17 at 17-18, Tab 29 at 4.

¶5          The appellant submitted with his appeal a February 5, 2018 Management Advisory issued by OPM's Office of the Inspector General (OIG), Office of Legal & Legislative Affairs, addressing its review of OPM's "Non-Public Decision to Prospectively and Retroactively Re-Apportion Annuity Supplements."  IAF, Tab 17.  The Management Advisory, which resulted from a complaint OIG received from the Federal Law Enforcement Officers Association (FLEOA), noted that, for almost 30 years until July 2016, OPM applied the state court-ordered marital share to the basic annuity only and not to the annuity supplement except when the state court order expressly addressed the annuity supplement.  *Id.* at 5, 15.  OIG disagreed with OPM's assertion—that it was required by law to effect the above change—because the "language of the statute simply does not mandate the conclusion that the Basic Annuity and the Annuity Supplement should be deemed to be one and the same."  *Id.* at 15-16.  OIG indicated that, while OPM's approach is one possible interpretation of the statute, section 8421(c) could also be reasonably construed to mean that the annuity supplement is subject to division by a state court order in divorce proceedings "in the same way" that the basic annuity may be subject to division in those proceedings.  *Id*. at 16.  OIG noted that OPM's regulations, as well as court decisions, require it to perform purely ministerial actions in carrying out a court's instructions, and that "it is not a 'ministerial' function to create a division of payment that the court order does not expressly contain."  *Id.* at 16-17.  Rather, OIG opined that OPM created a new rule regarding allocation of the annuity supplement that is subject to notice and comment rulemaking and that may not be given retroactive effect.  *Id*. at 17-20.

OIG recommended that OPM, among other things, cease applying the state court-ordered marital share to annuity supplements unless the court order expressly so provides, and make whole all annuitants affected by OPM's re-interpretation of the statute. *Id.* at 21-23.

¶6    OPM responded to the Board appeal by asserting that the unambiguous language of 5 U.S.C. § 8421(c) required it to apportion the annuity supplement "in the same way" as the basic annuity for purposes of computing a court-ordered division of a FERS retirement benefit. IAF, Tab 13 at 10, Tab 27 at 13-17. Alternatively, OPM asserted that if the statute were ambiguous, its interpretation was entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). IAF, Tab 13 at 10, Tab 27 at 13-17. The appellant withdrew his request for a hearing. IAF, Tab 11 at 1.

¶7    After the close of the record, the administrative judge reversed OPM's final decision.[5] IAF, Tab 30, Initial Decision (ID) at 3. He found that 5 U.S.C. § 8421(c) was not unambiguous, as OPM alleged, but instead was subject to multiple interpretations. ID at 10-11. He further found that OPM's regulations, purportedly requiring it to apportion the appellant's annuity supplement, were not entitled to deference under *Chevron* because they did not directly address the purpose of section 8421(c) or otherwise interpret that section. ID at 11-13. The fact that OPM's regulations do not differentiate between a basic annuity and an annuity supplement "could just as easily reflect the agency's conclusion that the annuity supplement was" a Social Security benefit and thus presumptively not allocable between an employee and a former spouse. ID at 13. The administrative judge therefore read section 8421(c) to require OPM to divide an annuity supplement between a FERS employee and his or her former spouse only if the court order expressly provided for such division, as required by 5 U.S.C. § 8467. ID at 16. After reviewing the terms of the court order, the administrative

---

[5] The administrative judge granted the Director of OPM's request to intervene as a matter of right under 5 U.S.C. § 7701(d) and permitted the appellant's former spouse to intervene in this matter. IAF, Tabs 26, 28.

judge determined that it did not expressly provide for the division of the appellant's annuity supplement. ID at 16-21. He therefore found that the appellant proved by preponderant evidence that OPM erred in recalculating the intervenor's share of the appellant's FERS annuity. ID at 21. The administrative judge ordered OPM to rescind its final decision and refund all previously apportioned annuity supplement amounts to the appellant. ID at 22. The administrative judge declined to consider the appellant's claims of harmful error, age discrimination, and reprisal for protected disclosures and activity, as well as the appellant's request for interim relief. ID at 21-22.

¶8 OPM has filed a timely petition for review arguing that the administrative judge erred in reversing its reconsideration decision. Petition for Review (PFR) File, Tab 8. OPM reasserts that section 8421(c) unambiguously requires it to apportion the annuity supplement in the same way it apportions the appellant's basic annuity and, alternatively, that its interpretation of the statute as establishing that requirement is entitled to deference. *Id.* at 8-19. The appellant has filed a response to OPM's petition for review. PFR File, Tab 9.

¶9 After the parties submitted their pleadings, the Acting Clerk of the Board issued an Order directing OPM to clarify its position regarding how it categorizes a supplemental annuity and to submit relevant documents, including specifically identified policy statements addressing its approach to apportioning supplemental annuities. PFR File, Tab 13. OPM and the Director of OPM submitted a pleading that contends, among other things, that its regulations support what it claims are the "clear, unambiguous provisions of 5 U.S.C. § 8421(c)." PFR File, Tab 20 at 6-11. In a separate submission, the Director of OPM asserts that the portion of the Acting Clerk's Order seeking documents was improper and not in accordance with the Board's regulations, and moves for the Board to vacate that portion of

the Order.[6]  PFR File, Tab 21 at 5-7.  The appellant has filed a response in which he also reasserts his age discrimination claim.[7]  PFR File, Tab 23.

## ANALYSIS

¶10    OPM asserts on review that 5 U.S.C. § 8421(c) is clear and the administrative judge improperly read ambiguity into the statute by looking beyond its text.  PFR File, Tab 8 at 8-13.  OPM further asserts that, if the Board must look beyond the plain language of the statute, the placement of section 8421(c) within the FERS "Basic Annuity" subchapter shows that Congress intended for the basic annuity and the annuity supplement to be treated as indivisible components of the entire annuity.  *Id.* at 9.  OPM also claims that, for FERS benefits to replicate Civil Service Retirement System (CSRS) benefits as Congress intended, OPM must treat the basic annuity and the annuity supplement as a unitary entitlement.  *Id.* at 15-16.

¶11    An employee who is separated from the service, except by removal for cause on charges of misconduct or delinquency, after completing 25 years of service as an ATC or after becoming 50 years of age and completing 20 years of service as an ATC, "is entitled to an annuity."  5 U.S.C. § 8412(e).  Under 5 U.S.C. § 8415(a), entitled "Computation of basic annuity," "the annuity" of an

---

[6] The Board may order "any Federal agency" to comply with "any order" issued by the Board under its authority.  5 U.S.C. § 1204(a)(1)-(2).  In any case that is reviewed, the Board may require that briefs be filed and take any other action necessary for final disposition of the case.  5 C.F.R. § 1201.117(a).  OPM was afforded an opportunity to provide evidence to support its final decision in this case but chose not to do so.  Given our resolution of this appeal on the existing record, the motion of the Director of OPM to vacate a portion of the Acting Clerk's Order is now moot.

[7] The appellant asserts that, "I believe that the OPM has discriminated against me and other retired annuitants based on our age . . . ."  PFR File, Tab 23 at 5.  An appellant may prove a claim of age discrimination by showing that such discrimination was a motivating factor in the contested action.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 21.  There are various methods of proving such a claim.  *Id.*, ¶¶ 23-24.  Having reviewed the appellant's arguments on this issue, *e.g.*, IAF, Tab 1 at 5, Tab 29 at 5, we find that he has not met his burden of proving by preponderant evidence that age was a motivating factor in OPM's final decision in this case.

employee retiring under subchapter II of chapter 84, Title 5, United States Code, is 1% of that individual's average pay multiplied by such individual's total service. For individuals with ATC service like the appellant, the computation involves a higher percentage multiplied by total service. 5 U.S.C. § 8415(f). In general, an individual shall, if and while entitled to "an annuity" under 5 U.S.C. § 8412(e), "also be entitled to an annuity supplement under this section." 5 U.S.C. § 8421(a)(1). The annuity supplement is designed to replicate the Social Security benefit (based on Federal civilian service) available at age 62 for those employees retiring earlier, and is subject to the same conditions as payment of the Social Security benefit. *Henke v. Office of Personnel Management*, 48 M.S.P.R. 222, 227 (1991). The annuity supplement, therefore, ceases no later than the last day of the month in which such individual attains age 62. 5 U.S.C. § 8421(a)(3)(B). Thus, the formula for calculating the annuity supplement incorporates the amount of old-age insurance benefit that would be payable under the Social Security Act upon attaining age 62. 5 U.S.C. § 8421(b).

¶12 When a Federal employee and the employee's spouse divorce, additional statutes come into play. Section 8467 of Title 5, United States Code, addresses "Court orders." Under 5 U.S.C. § 8467(a)(1), payments under 5 U.S.C. chapter 84 that would otherwise be made to an annuitant based on the service of that individual shall be paid to another person "if and to the extent expressly provided for in the terms of . . . any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation." Section 8421 is entitled "Annuity supplement." Under 5 U.S.C. § 8421(c), "[a]n amount under this section shall, for purposes of section 8467, be treated in the same way as an amount computed under section 8415." These two statutes are at issue in this case.

¶13 The interpretation of a statute begins with the language of the statute itself. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 16. If the language

provides a clear answer, the inquiry ends and the plain meaning of the statute is regarded as conclusive absent a clearly expressed legislative intent to the contrary. *Id.* Further, the whole of the statute should be considered in determining its meaning. *Johnson v. Department of Veterans Affairs*, 91 M.S.P.R. 405, 408 (2002). The provisions of a statute should be read in harmony, leaving no provision inoperative or superfluous or redundant or contradictory. *Id.* A section of a statute should not be read in isolation from the context of the whole Act, and the Board, in interpreting legislation, must not be guided by a single sentence or part of a sentence, but should look to the provisions of the whole law and to its object and policy. *Joyce v. Department of the Air Force*, 83 M.S.P.R. 666, ¶ 14 (1999), *overruled on other grounds by Sacco v. Department of Justice*, 90 M.S.P.R. 37 (2001). Reading the relevant provisions as a whole, we find that the plain language of the applicable statutes provides a clear answer and there is no clearly expressed legislative intent to the contrary.

¶14      We begin by considering how an amount "computed under section 8415" is "treated," so as to then determine how an annuity supplement must also be treated, "in the same way," for purposes of section 8467.[8]   *See* 5 U.S.C. § 8421(c). As set forth above, 5 U.S.C. § 8415 addresses the manner in which a basic annuity is computed, and thereby becomes a "[p]ayment under this chapter which would otherwise be made to an employee . . . ." 5 U.S.C. § 8467(a). As a "[p]ayment under this chapter," the basic annuity shall be paid (in whole or in part) to another person "if and to the extent expressly provided for" in the terms of, among other things, any court decree, court order, or court-approved property settlement agreement. 5 U.S.C. § 8467(a)(1). An amount under section 8421, i.e., an annuity supplement, shall be treated in the same way. That is, an amount

_____

[8] We interpret the "for purposes of section 8467" language of section 8421(c) as simply meaning "when applying section 8467." *See In re Hill*, No. 06-50972, 2007 WL 2021897 at *12 (Bankr. E.D. Tenn. July 6, 2007) (holding, under a straightforward reading of a statute, that the phrase "for purposes of paragraph (5)" simply means "when applying paragraph (5)"). Thus, an annuity supplement amount shall, *when applying section 8467*, be treated in the same way as a basic annuity amount.

computed under 5 U.S.C. § 8421(b) is a payment under chapter 84 that would otherwise be made to an employee pursuant to 5 U.S.C. § 8421(a).  *See* 5 U.S.C. § 8467(a).  To be treated in the same way when applying section 8467, that payment shall be paid to another person "if and to the extent expressly provided for in the terms of," among other things, any court decree, court order, or court-approved property settlement agreement.  A basic annuity amount computed under section 8415 shall be paid to another person only when the "expressly provided for" requirement in section 8467(a) is met.  Similarly, an annuity supplement amount under section 8421 shall be paid to another person only when it, too, meets the "expressly provided for" requirement of section 8467(a).

¶15        OPM's interpretation to the contrary would improperly read section 8421(c) in isolation from section 8467(a), *see Joyce,* 83 M.S.P.R. 666, ¶ 14, render the "expressly provided for" language of section 8467(a) inoperative or superfluous, and not read the statutory provisions as a whole and in harmony.  In this regard, we note that Congress could have used different language to reach the result OPM proposes in this case.  For example, Congress could have specified in section 8467(a) that, "except as provided for in 5 U.S.C. § 8421(c)," payments under this chapter which would otherwise be made to an employee shall be paid to another person if and to the extent expressly provided for in the terms of a court decree, court order, or court-approved property settlement agreement.  There is, however, no such proviso language in section 8467(a), and the Board will not supply such language in interpreting the statute.  *See, e.g., Crockett v. Office of Personnel Management*, 783 F.2d 193, 195 (Fed. Cir. 1986) (rejecting a statutory interpretation that would add to statutory language requirements that are not specified or reasonably implied in the statute); *Acting Special Counsel v. U.S. Customs Service,* 31 M.S.P.R. 342, 347 (1986) (declining to read an exclusion into a statute).  In fact, section 8467(a) applies to "[p]ayments under this chapter . . . based on service of that individual," and an annuity supplement qualifies under that broad language.  *See* 5 U.S.C. § 8421(b)(3)(A) (basing the

amount of an annuity supplement in part on a fraction that includes "the annuitant's total years of service"). Alternatively, Congress could have provided in section 8421(c) or elsewhere that an amount under section 8421 shall, for purposes of section 8467, be "considered a part" of the payment made to another person under section 8467(a), shall be "included" in the amount of the payment made to another person under that section, or shall "extend to" such an amount. However, the statute does not so provide. Instead, it provides that such an amount shall be "treated in the same way" as an amount computed under 5 U.S.C. § 8415. As set forth above, that means that it shall be paid to another person when the "expressly provided for" requirement is met.

¶16 Congress knew how to speak more directly to this issue in a separate section of the same public law that enacted sections 8421 and 8467. When it enacted the FERS provisions at issue in this appeal, Congress also addressed how to treat the annuity supplement for former spouses of employees of the Central Intelligence Agency (CIA). Section 506 of the Federal Employees' Retirement System (FERS) Act of 1986, Pub. L. No. 99-335, 1986 U.S.C.C.A.N. (100 Stat.) 514, 624, amended the Central Intelligence Agency Retirement Act of 1964 by providing for the participation of certain CIA employees in the FERS. In section 304(g) of the amendment, covering "Special Rules for Former Spouses," Congress provided that "[t]he entitlement of a former spouse to a portion of an annuity of a retired officer or employee of the Agency under this section shall extend to any supplementary annuity payment that such officer or employee is entitled to receive under section 8421 of title 5, United States Code."[9] *Id.* at 626-27. The legislative history confirms that section 304(g) "provides that the entitlement of a retired CIA FERS employee's former spouse to a portion of the employee's annuity extends to any annuity supplement the employee receives

_____

[9] The current version of the applicable statutes similarly indicates that an annuity supplement is to be included in the "benefits payable" to an employee for purposes of determining a former spouse's share of those benefits. *See* 50 U.S.C. § 2154(c)(1)-(2).

under section 8421 of title 5, United States Code (as added by section 101 of the conference agreement)." H.R. Rep. No. 99-606, at 157-58 (1986) (Conf. Rep.).

¶17 When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23 (1983); *see Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1353 (Fed. Cir. 2021). Here, the fact that Congress specifically provided that annuity supplements shall be included in the benefits payable to a former spouse of a CIA employee shows that it decided to do so for those individuals but chose not to do so for others, *see, e.g.*, *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶18 (2009); *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 10 (2005), instead allowing for court decrees, court orders, or court-approved property settlement agreements to resolve that question under 5 U.S.C. § 8467(a) and 5 U.S.C. § 8421(c).

¶18 OPM asserts that, if the Board must look beyond the plain language of the applicable statutes, the placement of section 8421(c) within the FERS "Basic Annuity" subchapter shows that Congress intended for the basic annuity and the annuity supplement to be treated as indivisible components of the entire annuity. PFR File, Tab 8 at 9. Although the title and headings of a statute may be permissible indicators of meaning and can aid in resolving an ambiguity in the legislation's text, a wise rule of statutory interpretation is that the title of a statute and the heading of a section cannot limit the plain meaning of the text. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 11 n.8. As explained above, the plain meaning of the statute does not support OPM's interpretation. Moreover, although OPM claims that it must treat the basic annuity and the annuity supplement as a unitary entitlement to replicate CSRS benefits, such considerations do not outweigh the statutory text.

¶19 Even if the applicable statutory provisions could be viewed as ambiguous, i.e., as susceptible of differing, reasonable interpretations, *see Pastor v.*

*Department of Veterans Affairs*, 87 M.S.P.R. 609, ¶ 18 (2001), we agree with the reasoning set forth by the administrative judge that OPM's regulations and internal instructions are not entitled to deference. As the administrative judge found, OPM's regulations, among other things, address other types of annuities but not the annuity supplement, either in the regulations themselves or in the rulemaking process implementing those regulations. ID at 11-13. In any event, the Board will decline to give effect to OPM's interpretation of a regulation when, as here, there are compelling reasons to conclude that such interpretation is erroneous, unreasonable, or contrary to the law that it purports to interpret. *Evans v. Office of Personnel Management*, 59 M.S.P.R. 94, 104 (1993). We also agree with the administrative judge's determination that OPM's internal instructions, which OPM chose not to submit into the record, are not persuasive. ID at 14-16. As the administrative judge explained, ID at 15-16, those instructions were not issued under formal notice-and-comment rulemaking procedures, and are therefore not entitled to the deference given to regulations, but may be entitled to some weight based on their formality and persuasiveness and the consistency of the agency's position. *See Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶ 14 (2006). However, OPM did not submit those documents into the record, even after being ordered to do so by the Acting Clerk of the Board. PFR File, Tab 13 at 3. Information relating to that previous interpretation is essential to evaluating the persuasiveness of OPM's current guidance.

¶20    Finally, while this appeal was pending before the Board, the U.S. Court of Appeals for the District of Columbia Circuit issued a decision that addressed, in a different context, OPM's apportioning of the annuity supplement in these types of cases. In *Federal Law Enforcement Officers Association v. Ahuja*, 62 F.4th 551, 554 (D.C. Cir. 2023), FLEOA brought an action against OPM in district court claiming that its apportioning method violated the Administrative Procedure Act. The circuit court vacated the district court's orders and remanded with instructions to dismiss the case for lack of jurisdiction. *Id*. at 555. In so doing,

the court held that the Civil Service Reform Act and the FERS Act precluded district court review of FLEOA's claims because judicial review of OPM's method of apportioning retirement benefits was available only in the U.S. Court of Appeals for the Federal Circuit following administrative exhaustion before the Board. *Id*. at 557-60, 567. We therefore find that this court decision does not require a different result in this case.

¶21 Having determined that apportionment of an annuity supplement must be expressly provided for under 5 U.S.C. § 8467(a), we agree with the administrative judge that the specific terms of the court order in this case do not expressly provide for a division of the appellant's annuity supplement. ID at 16-21; *see Thomas v. Office of Personnel Management*, 46 M.S.P.R. 651, 654 (1991) (describing a provision as "express" when it is "clear; definite; explicit; plain; direct; unmistakable; not dubious or ambiguous"); *cf., e.g., Hayward v. Office of Personnel Management*, 578 F.3d 1337, 1345 (Fed. Cir. 2009) (holding, in interpreting similar "expressly provided for" language, that the intent to award a survivor annuity "must be clear"); *Davenport v. Office of Personnel Management*, 62 F.3d 1384, 1387 (Fed. Cir. 1995) ("The statute requires that the pertinent court order or property settlement 'expressly' provide for a survivor benefit, so as to ensure that OPM will not contrive a disposition that the state court did not contemplate.").

¶22 Accordingly, we find that OPM improperly included the appellant's FERS annuity supplement in its computation of the court-ordered division of his FERS annuity. OPM's reconsideration decision is, therefore, reversed.

<u>ORDER</u>

¶23 We ORDER OPM to rescind its December 12, 2017 final decision, stop apportioning the annuity supplement, and refund all previously apportioned annuity supplement amounts to the appellant. OPM must complete this action no later than 20 days after the date of this decision.

¶24    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶25    No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

¶26    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

<u>NOTICE TO THE APPELLANT REGARDING</u>
<u>YOUR RIGHT TO REQUEST</u>
<u>ATTORNEY FEES AND COSTS</u>

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.