**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RONALD L. MOULTON, | DOCKET NUMBER |
|            Appellant, | DE-0841-18-0053-N-1 |
| | |
|     v. | |
| | |
| OFFICE OF PERSONNEL | DATE: February 24, 2025 |
|    MANAGEMENT, | |
|            Agency, | |
| | |
|     and | |
| | |
| DIRECTOR OF THE OFFICE OF | |
|    PERSONNEL MANAGEMENT, | |
|            Intervenor.[1] | |

# THIS STAY ORDER IS NONPRECEDENTIAL[2]

<u>Ronald Lance Moulton</u>, Longmont, Colorado, pro se.

---

[1] The appellant's former spouse, Jill Moulton, intervened during the proceedings in the underlying appeal. *Moulton v. Office of Personnel Management*, MSPB Docket No. DE-0841-18-0053-I-1, Initial Appeal File, Tab 24. Both in his response to this stay request and in his response to the petition to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) to review the Board's Opinion and Order in the underlying appeal, *Moulton v. Office of Personnel Management*, 2023 MSPB 26, the appellant represented that Ms. Moulton had passed away. Stay File (SF), Tab 3 at 3; *Director of the Office of Personnel Management v. Moulton*, No. 2024-109, 2024 WL 1953955 (Fed. Cir. May 3, 2024). Based on this representation, the Federal Circuit removed Ms. Moulton from the caption. *Director of the Office of Personnel Management v. Moulton,* No. 2024-1774, Notice of Revised Caption (Fed. Cir. June 4, 2024). We have done the same here. Nonetheless, we have served a copy of this Stay Order on the intervenor at her address of record.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Allison Kidd-Miller, Esquire, Julie Ferguson Queen, Esquire, Nicole M. Lohr, Esquire, and Roxann S. Johnson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**ORDER DENYING REQUEST FOR A STAY**

The Director of the Office of Personnel Management (OPM)[3] has filed a request for a stay of the Board's Opinion and Order in *Moulton v. Office of Personnel Management*, 2023 MSPB 26, pending its appeal of that decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *See Moulton v. Office of Personnel Management*, MSPB Docket No. DE-0841-18-0053-N-1, Stay File (SF), Tab 1 at 5-12. The appellant has opposed OPM's request. SF, Tab 3. For the reasons set forth below, OPM's request for a stay is denied.

**BACKGROUND**

The Board found in *Moulton*, 2023 MSPB 26, ¶¶ 1, 10-22, that OPM improperly recalculated the apportionment of the appellant's Federal Employees' Retirement System (FERS) annuity supplement to his former spouse. In particular, the Board disagreed with OPM's 2016 reinterpretation of

---

[3] Only the Director of OPM has the authority to request a stay. *See* 5 U.S.C. § 7703(d)(1) (authorizing the Director of OPM to seek Federal Circuit review of final Board orders under certain circumstances); *Schuck v. U.S. Postal Service*, 31 M.S.P.R. 52 (1985) (denying OPM's request for a stay because only the Director of OPM can request a stay when filing a petition for reconsideration with the Board); *see* 5 C.F.R. § 1201.119(a), (d) (reflecting that the Director of OPM can request that the Board stay a final decision while the Director's petition for reconsideration to the Board is pending). We need not distinguish here between OPM and the Director of OPM because the Director has filed this stay request. SF, Tab 1 at 5. Further, the Director of OPM and OPM are represented by the same attorneys. *Id.* at 2.

5 U.S.C. § 8421(c). *Id.* According to OPM, this provision required it to retroactively and prospectively reduce the appellant's annuity supplement according to his and his former spouse's domestic relations court order, i.e., their divorce order, to pay his former spouse a portion of the FERS supplement regardless of the absence of an express provision requiring such an allocation. *Id.*, ¶¶ 2-3, 6. OPM suspended collection of the resulting alleged overpayment to the appellant of $24,535.30 during the proceedings before the Board. *Id.*, ¶ 3; Initial Appeal File (IAF), Tab 13 at 12.

The Board's decision in *Moulton*, 2023 MSPB 26, ¶ 23, required OPM to, among other actions, "rescind its December 12, 2017 final decision, stop apportioning the annuity supplement, and refund all previously apportioned annuity supplement amounts to the appellant" by December 18, 2023. On that date, OPM filed the instant stay request. SF, Tab 1. It indicated that it was considering whether to appeal the Board's decision to the Federal Circuit). *Id.* at 7. It has since done so, and its Federal Circuit appeal is currently pending. *Director of the Office of Personnel Management v. Moulton,* No. 2024-109, 2024 WL 1953955 (Fed. Cir. May 3, 2024).

## ANALYSIS

The Board has the authority to enforce its orders and decisions. 5 U.S.C. § 1204(a)(2). The Board may exercise its discretion to stay the enforcement of a final decision pending judicial review. *Special Counsel v. Lee*, 114 M.S.P.R. 393, ¶ 2 (2010). In determining whether to grant a stay, the Board evaluates four criteria: (1) whether the stay applicant has made a strong showing that he or she is likely to prevail on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether the issuance of the stay will substantially harm the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* The Board balances the likelihood of success on appeal with the last three criteria. *Id.* If the stay applicant convincingly argues

that the last three criteria are met, we will grant a stay if a serious legal question exists on the merits. If support for a stay on the basis of the last three criteria is slight, we will issue a stay if there is a strong possibility of success on appeal. *Id.* However, the Board will not address the first criterion if the applicant fails to demonstrate any support for a stay based on the last three criteria. *Id.* We find that OPM has not supported its contentions regarding the last three criteria, and therefore we deny its stay request.

As to the second factor, whether OPM will be irreparably harmed absent a stay, OPM argues that complying with the Board's order will render its appeal to the Federal Circuit moot. SF, Tab 1 at 9-10. A party claiming harm to itself or others must show that the harm is substantial and certain and must offer proof that the harm will occur. *Rogers v. Office of Personnel Management*, 67 M.S.P.R. 698, 700 (Fed. Cir. 1995). OPM has not provided any evidence supporting its claim of possible mootness, and its argument does not address the specific facts of this case. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of [an] Article III [court, like the Federal Circuit]—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075-76 (Fed. Cir. 2021) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted)). The party asserting mootness bears the burden of proving that the case or controversy is no longer "live." *Mitchco International, Inc. v. United States*, 26 F.4th 1373, 1378 (Fed. Cir. 2022). The Opinion and Order directed OPM to cease apportioning the annuity supplement and refund its underpayment to the appellant. *Moulton*, 2023 MSPB 26, ¶ 23. Doing so may cause Mr. Moulton, as a respondent in the litigation, to lose his legally cognizable interest in the case.[4] *See Acceleration Bay LLC*, 15 F.4th

---

[4] In the pending litigation before the Federal Circuit, OPM agreed that there is a live case or controversy "based on at least Mr. Moulton's cognizable interest in a refund of his previously apportioned supplement payments." *Moulton,* 2024 WL 1953955, at *1 n.2.

1069, 1075-76; *Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶ 7 (2007) (determining that an appeal was moot when OPM completely rescinded its overpayment decision and refunded to the appellant the money it withheld from his retirement annuity). However, it would appear to increase rather than decrease the Government's interest in the outcome of the litigation, as the payment would presumably come out of the Civil Service Retirement and Disability Fund. *See* 5 U.S.C. §§ 8401(6) (defining the "Fund" for purpose of FERS as the Civil Service Retirement and Disability Fund), 8461(a) (requiring OPM to pay FERS annuity benefits from the Civil Service Retirement and Disability Fund); *see also* 5 U.S.C. § 8348(a)(1) (providing that the Fund "is appropriated for the payment of" Federal employment annuity benefits and OPM's "administrative expenses"). OPM does not address this apparent gap in its argument.

Further, OPM does not address another possible reason that providing relief to the appellant might not render the appeal moot. "[T]here is an exception to the mootness doctrine for cases capable of repetition but evading review." *NIKA Technologies, Inc. v. United States*, 987 F.3d 1025, 1027 (Fed. Cir. 2021). The exception is applicable when the litigation is likely to become moot before it concludes and the same party can reasonably expect the same issue to arise. *Id.* at 1027-28.

Here, there is no immediate threat of mootness because OPM has not indicated that it intends to comply with the Board's Opinion and Order and the appellant has not filed a petition for enforcement before the Board. In any event, as noted above, it appears that OPM will continue to retain an interest in its Federal Circuit appeal because the appellant would be paid out of the Civil Service Retirement and Disability Fund. Further, we cannot assume at this time that the Federal Circuit would find the appeal moot despite the likely repetition of the payment issue as other annuitants seek to challenge the impact of OPM's 2016 policy change on their FERS annuity supplements. OPM represents that

there are "71 other cases at the Board" involving the issue in the instant appeal, but it has not stated its intent to rescind its final decisions in those appeals or refund any withheld amounts to the appellants. SF, Tab 1 at 10. Thus, we find that OPM has not met its burden of proving that the case or controversy is no longer "live" in this matter.

The third stay factor is whether a stay will substantially harm the other parties interested in the proceeding. *Blaha Office of Personnel Management*, 106 M.S.P.R. 494, ¶ 4 (2007). OPM reasons that, if the Board were to grant the stay request, the appellant would be "in the same position he is in today," and if he is the prevailing party in OPM's appeal to the Federal Circuit, "he will receive complete relief" at that time. SF, Tab 1 at 11. In contrast, the appellant argues that, due to OPM's delays, he has been waiting to be "made whole" for 7 years and requests that the stay be denied. SF, Tab 3 at 3. In *Rogers*, the Board denied a stay where the only claim advanced as to the third criterion was that the appellant would not be harmed by any temporary deprivation of an enhanced annuity awarded to him in an earlier decision. *Rogers v. Office of Personnel Management*, 77 M.S.P.R. 626, 628 (1998), *reversed in part on other grounds, Rogers v. Office of Personnel Management*, 83 M.S.P.R. 154 (1999). In the instant case, absent the enforcement of the Board's order, the appellant will not receive the refund of $24,535.30, representing the previously apportioned annuity supplement amounts. *Moulton*, 2023 MSPB 26, ¶¶ 3, 23; IAF, Tab 13 at 12. The Board has also previously rejected as speculative the argument that compliance with an order could create an overpayment to an appellant, with the necessity for administrative or judicial proceedings to recover it. *See Sangenito v. Office of Personnel Management*, 85 M.S.P.R. 211, ¶ 6 (2000). Furthermore, the Board has consistently held that the possibility that OPM may be unable to recoup monies paid from the Fund does not support the granting of a stay. *See Rose v. Office of Personnel Management*, 85 M.S.P.R. 490, ¶ 3 (2000); *Rogers*, 77 M.S.P.R. 626, 628-700.

Finally, as to the fourth factor relating to the public interest, OPM argues that 71 unidentified cases "will be determined, at least in part, by the resolution of this case." SF, Tab 1 at 11. The existence of other claims that will require payments from the public fisc implicates the public interest. *Donati v. Office of Personnel Management*, 104 M.S.P.R. 658, ¶ 8 (2007). However, statements of a party's representative in a pleading do not constitute evidence, and OPM has neglected to produce any support for its attorneys' assertion as to the number of cases that may be impacted. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Nor has it provided the dollar amounts at issue. OPM's arguments are thus speculative and fail to meet the requirement that a party claiming harm show that the harm is substantial and certain and offer proof that the harm will occur. *See Rogers*, 67 M.S.P.R. 698, 700.

## ORDER

OPM's request for a stay is denied.

*Gina K. Grippando*

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.