# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD YOUNG,<br>　　　　Appellant, | DOCKET NUMBER<br>PH-831M-19-0459-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　Agency, | DATE:  January 21, 2026 |
| and | |
| SCOTT KUPOR, DIRECTOR OF THE<br>　OFFICE OF PERSONNEL<br>　MANAGEMENT<br>　　　　Intervenor.[1] | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Daniel M. Rosenthal, Washington, D.C., for the appellant.

Nicole M. Lohr, Karen Silveira, and Tanisha Elliott Evans, Washington, D.C., for the agency and for the intervenor, the Director of the Office of Personnel Management.

---

[1] The former Acting Director of the Office of Personnel Management intervened in this matter.  We have taken official notice that Director Kupor now holds the position.  *See* 5 C.F.R. § 1201.64.

[2]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal without prejudice. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, AFFIRM the initial decision, and FORWARD the matter to the Northeastern Regional Office for docketing and adjudication as a refiled appeal. 5 C.F.R. § 1201.113(c).

The appellant filed the instant appeal to challenge the reconsideration decision of the Office of Personnel Management (OPM), which concerned the apportionment of his supplemental annuity for purposes of a divorce decree and an associated overpayment. Initial Appeal File (IAF), Tab 1. OPM's reconsideration decision relied on 5 U.S.C. § 8421(c) to find that OPM "must include [his Federal Employees' Retirement System (FERS)] annuity supplement in the computation of the court-ordered division of [his] FERS annuity." *Id.* at 10. The appellant disagreed, arguing that division of his annuity supplement

was not expressly provided for in his divorce decree, so it should not be included in the apportionment of his annuity. *Id.* at 6.

The administrative judge developed the record and held a hearing. While doing so, the parties recognized two other cases where other administrative judges reached opposite legal conclusions about the same legal question presented in this appeal—whether OPM is properly interpreting and applying section 8421(c). IAF, Tabs 14-16 (referencing *Kuebbeler v. Office of Personnel Management*, MSPB Docket No. AT-0843-19-0356-I-1; *Moulton v. Office of Personnel Management*, MSPB Docket No. DE-0841-18-0053-I-1). Because those cases and the underlying issue were pending before the Board, the administrative judge issued a decision that dismissed the instant appeal without prejudice. IAF, Tab 17, Initial Decision (ID) at 1-2. He explained that the appeal could be refiled after the Board or the U.S. Court of Appeals for the Federal Circuit issued a decision in *Kuebbeler* or *Moulton*. ID at 2. Alternatively, the administrative judge indicated that the appeal would be automatically refiled on a specified date. *Id.*

Rather than waiting for his appeal to be refiled, the appellant filed a petition for review of the decision to dismiss his appeal without prejudice. Petition for Review (PFR) File, Tab 1. The Director of OPM filed a notice of intervention in this appeal, to which OPM was already the respondent agency. PFR File, Tab 5. Then, in a single pleading, OPM and its Director filed a response to the appellant's petition. PFR File, Tab 7. The appellant filed a reply. PFR File, Tab 8. Finally, the Clerk of the Board issued an order that invited the appellant's former spouse to intervene, but she did not do so. PFR File, Tab 9.

An administrative judge has wide discretion to control the proceedings before him and the dismissal without prejudice to refiling is a procedural option committed to his sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009). A dismissal without prejudice is appropriate when it is in the interests of fairness, due process, and administrative efficiency. *Id.*

The Board has held that an administrative judge may order a dismissal without prejudice at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Id.*

In his petition for review, the appellant asked the Board to consolidate his case with the *Moulton* case mentioned above, since both involved the same legal question—the proper interpretation of section 8421(c). PFR File, Tab 1 at 7-8. He seemed to suggest that this would allow for the fastest disposition of his appeal, while also giving him an opportunity to add to existing arguments before the Board in other cases about this question of law before any precedent is issued about the same. *Id.* We decline to exercise our discretion and consolidate this appeal with *Moulton*. *See* 5 C.F.R. § 1201.36(b) (providing that a judge *may* consolidate cases if doing so would expedite processing and not adversely affect the parties' interests).

While the appellant's petition in this appeal was pending, we issued a precedential decision in the *Moulton* case regarding the proper interpretation of section 8421(c). *Moulton v. Office of Personnel Management*, 2023 MSPB 26. In short, we disagreed with OPM's interpretation of the statute. *Id.*, ¶¶ 10-21. The Director of OPM filed a petition for review of the Board's decision before the Federal Circuit. Like the Board, the Federal Circuit interpreted 5 U.S.C. § 8421(c) "to require OPM to apportion a retiree's annuity supplement *only* when expressly provided for in a court order." *Director of Office of Personnel Management v. Moulton*, 155 F.4th 1331, 1337 (Fed. Cir. 2025) (emphasis in original). Because the Board has issued a precedential decision addressing the gravamen of this appeal and the Federal Circuit has affirmed the Board's decision, it is now ripe for adjudication. The administrative judge assigned to

this case can best apply the *Moulton* precedent and any other case[3] that might be relevant to the particular facts of the appellant and his divorce decree.

The administrative judge's dismissal of this appeal without prejudice while awaiting a precedential decision was not an abuse of discretion. It was a proper exercise of his discretion, under the circumstances.

The remainder of the appellant's petition—the vast majority of his petition —consists of arguments and assertions about how section 8421(c) should be interpreted. PFR File, Tab 1 at 4-7, 9-10. However, those arguments are irrelevant to the only issue before us at this time, which is whether the administrative judge abused his discretion in dismissing the appeal without prejudice. *Gingery*, 111 M.S.P.R. 134, ¶ 11. Therefore, we will not consider them further.

This is the final decision of the Board on the appellant's petition for review of the February 7, 2020 initial decision to dismiss his appeal without prejudice.[4] We FORWARD the appeal to the Northeastern Regional Office for docketing and adjudication as a refiled appeal.[5]

---

[3] Although we ruled on the proper interpretation of section 8421(c) in *Moulton*, we did not do so in the *Kuebbeler* case also referenced by the parties during the proceedings below. The *Kuebbeler* case came to a close when we granted that appellant's request to withdraw his petition for review. *Kuebbeler v. Office of Personnel Management*, MSPB Docket No. AT-0843-19-0356-I-1, Petition for Review File, Tabs 11-12. Separately, the parties were likely aware of another case that was working its way through Federal courts involving the proper interpretation of section 8421(c) while the instant appeal was pending on review. That case also came to a close without answering the question of how to interpret section 8421(c) because the U.S. Court of Appeals for the District of Columbia found that a district court that had ruled on the matter lacked jurisdiction. *Federal Law Enforcement Officers Association v. Ahuja*, 62 F.4th 551 (D.C. Cir. 2023).

[4] The appeal was refiled automatically shortly after the Board issued its decision in *Moulton*. However, the administrative judge dismissed the refiled appeal for reasons of adjudicatory efficiency as premature, citing the pending petition for review before the Federal Cirtcuit. *Young v. Office of Personnel Management*, MSPB Docket No. PH-831M-19-0459-I-2, Initial Decision (Feb. 6, 2024). Neither party filed a petition for review of that initial decision.

[5] The Board's decision in *Moulton* articulated the legal principles applicable to the interpretation of the appellant's divorce decree and the distribution of marital property.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

As such, adjudication of the forwarded appeal will impact the appellant's former spouse. Accordingly, the administrative judge should afford the appellant's former spouse another opportunity to intervene in this matter. 5 C.F.R. § 1201.34(a), (c).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*

                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.