UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MICHAEL JAMES PHILLIPS,
          Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency,

    and

MICHELLE PHILLIPS,
          Intervenor.

DOCKET NUMBER
NY-0843-23-0092-I-1

DATE: February 24, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael J. Phillips, Astoria, New York, pro se.

Kevin D. Alexander Sr. and Michael Shipley, Washington, D.C., for the
    agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

    The appellant has filed a petition for review and the agency has filed a
cross petition for review of the initial decision, which dismissed as moot the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's appeal of the Office of Personnel Management (OPM)'s March 13, 2023 decision to include the appellant's Federal Employees' Retirement System (FERS) annuity supplement in its computation of the court-ordered division of his FERS annuity. For the reasons discussed below, we GRANT the petition for review and the cross petition for review and REVERSE the initial decision.

## BACKGROUND

The appellant and his former spouse (intervenor) were married on September 29, 1992. *Phillips v. Office of Personnel Management,* MSPB Docket No. NY-0843-23-0092-I-1, Appeal File (0092 AF), Tab 5 at 81. On or around February 19, 2014, a New York state court entered a decree of dissolution of marriage and a domestic relations court order awarding the appellant's former spouse a pro rata share of the appellant's "gross monthly annuity" under FERS. *Id*. at 81-89. On July 5, 2022, after his retirement, the appellant filed an Amended Court Order Acceptable for Processing with OPM's Court Ordered Benefits Branch. *Id.* at 25-29. Pursuant to the Amended Court Order, the appellant's former spouse was entitled to 50% of the appellant's gross monthly annuity under FERS; however, she was not entitled to any portion of the FERS annuity supplement. *Id.* at 28.

On November 2, 2022, OPM issued an initial decision stating that it could not honor the Amended Court Order and the appellant's FERS annuity supplement was "to be treated the same way" as the FERS basic annuity for purposes of calculating the benefit paid to his former spouse; thus, the amount he received under the FERS annuity supplement provisions must be included in the calculation of the benefit paid to his former spouse. 0092 AF, Tab 5 at 51-52. The appellant requested reconsideration of the decision, which OPM affirmed in its March 13, 2023 reconsideration decision. *Id.* at 10-13.

The appellant filed a Board appeal of OPM's March 13, 2023 reconsideration decision. 0092 AF, Tab 1. After holding the requested hearing,

the administrative judge issued an initial decision dismissing the appeal as moot, finding that because the appellant had already prevailed before the Board in *Phillips v. Office of Personnel Management,* MSPB Docket No. MSPB Docket No. NY-0841-23-0080-I-1, which involved a former spouse annuity issue, the appellant had obtained all the relief he could receive before the Board.  0092 AF, Tab 18, Initial Decision (0092 ID) at 2-3.  The appellant has filed a petition for review of the initial decision, arguing that he has not obtained all the relief he should have received had he prevailed because his former spouse continues to receive a portion of his FERS annuity supplement, although the Amended Court Order specifically stated that his former spouse was not to receive any portion of the FERS annuity supplement.[2]  Petition for Review (PFR) File, Tab 1 at 5-6. The agency has filed a cross petition for review, to which the appellant has replied.  PFR File, Tabs 4, 6.  In its cross petition for review, the agency agrees with the appellant that the administrative judge erred in dismissing the appeal as moot rather than addressing the merits of the matter and requests that the appeal be remanded to the field office for adjudication on the merits.  PFR File, Tab 4 at 4.

## ARGUMENTS ON REVIEW

The appeal was improperly dismissed as moot.

A case is moot when the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome of the case.  *Hess v. U.S.*

---

[2] With his petition for review, the appellant provides a March 28, 2017 Management Advisory from OPM's Associate Director and Acting General Counsel regarding "OPM's Non-Public Decision to Prospectively and Retroactively Re-Apportion Annuity Supplements Notwithstanding Silence of the State Court Orders" and a FEDweek issue brief, dated June 28, 2023, addressing the apportionment of annuity supplements.  PFR File, Tab 1 at 9-15.  These documents are not new because they are already part of the record below.  0092 AF, Tab 17 at 7-13; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (determining that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115(d) (providing that new evidence is evidence that was unavailable despite due diligence when the record closed).

*Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). For an appeal to be dismissed as moot, an appellant must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶ 6 (2007). Here, the administrative judge dismissed the appeal as moot upon determining that no relief would be available to the appellant in the 0092 appeal that had not already been ordered in connection with the 0080 appeal. 0092 ID at 2 n.1 & 3. However, the annuity supplement at issue in this appeal, i.e., the 0092 appeal, is separate from the survivor annuity issue present in the 0080 appeal. Furthermore, the appellant has not received all the relief that he could have received if the matter had been adjudicated and he had prevailed, as his former spouse continues to receive a portion of his annuity supplement in contravention of the Amended Court Order. Thus, we find that this appeal is not moot.

OPM improperly included the appellant's FERS annuity supplement in its computation of the court-ordered division of his FERS annuity.

In its March 13, 2023 reconsideration decision, OPM affirmed its decision to include the appellant's FERS annuity supplement in the computation of his court-ordered apportionment. 0092 AF, Tab 5 at 10. Specifically, OPM explained that, because the April 1, 2014 Domestic Relations Order awarded the appellant's former spouse a "prorata share" of the appellant's FERS annuity, OPM was required by 5 U.S.C. § 8421(c) to include his FERS annuity supplement in the computation of the court-ordered division, regardless of the July 5, 2022 Amended Order expressly excluding the appellant's FERS annuity supplement from such computation.[3] *Id.* at 10-11, 26-27.

---

[3] OPM made a similar argument in *Moulton v. Office of Personnel Management*, 2023 MSPB 26, ¶¶ 10-22, in which the Board held that the plain language of 5 U.S.C. 8421(c) requires OPM to apportion the appellant's annuity supplement under 5 U.S.C. § 8467 only when the court order expressly provides for such apportionment. *Id.*, ¶¶ 10-22. OPM has sought review of the Board's decision in *Moulton*, and its petition for review is currently pending before the U.S. Court of Appeals for the Federal Circuit. *See Office of Personnel Management v. Moulton*, Fed. Cir. Docket No. 2024-1774. The

OPM's decision is contrary to the plain reading of the statutory text. Under 5 U.S.C. § 8415(a), entitled "Computation of basic annuity," "the annuity" of an employee retiring under subchapter II of chapter 84, Title V, United States Code, is 1% of that individual's average pay, multiplied by such individual's total service. In general, an individual shall, if and while entitled to "an annuity" under 5 U.S.C. § 8412(e), "also be entitled to an annuity supplement under this section." 5 U.S.C. § 8421(a)(1). The annuity supplement is designed to replicate the Social Security benefit (based on Federal civilian service) available at age 62 for those employees retiring earlier and is subject to the same conditions as payment of the Social Security benefit. *Henke v. Office of Personnel Management*, 48 M.S.P.R. 222, 227 (1991).

When a Federal employee and the employee's spouse divorce, additional statutes come into play. Per 5 U.S.C. § 8467(a)(1), an appellant's annuity shall be paid, in whole or in part, to another person only "if and to the extent expressly provided for" in the terms of, among other things, any court decree, court order, or court-approved property settlement agreement. An amount under 5 U.S.C. § 8421, i.e., an annuity supplement, "shall for the purposes of section 8467, be treated in the same way as an amount computed under section 8415." 5 U.S.C. § 8421(c). That is, an annuity supplement is a payment under chapter 84 that would otherwise be made to an employee pursuant to 5 U.S.C. § 8421(a). Therefore, to be treated the same way when applying section 8467, that payment shall be paid to another person "if and to the extent expressly provided for" in the terms of, among other things, any court decree, court order, or court-approved property settlement agreement. 5 U.S.C. § 8467(a)(1).

---

proper interpretation of 5 U.S.C. 8421(c) is salient in cases such as *Moulton* where the apportionment of the annuity supplement is not "expressly provided for" in the court order. Here, the Amended Order expressly excludes the appellant's annuity supplement from the apportionment, and thus, the outcome of *Moulton* does not impact our analysis of this case. We do not reach the issue of whether OPM is authorized to apportion the annuity supplement in other instances.

Here, the July 5, 2022 Amended Order expressly states that the appellant's former spouse "is not entitled to any portion" of the annuity supplement. AF 0092, Tab 5 at 28. Accordingly, we find that sections 8421(c) and 8467 clearly prohibit OPM from apportioning the appellant's annuity supplement, because such apportionment is expressly excluded in the court order. We therefore find that OPM improperly included the appellant's FERS annuity supplement in its computation of the court-ordered division of his FERS annuity. OPM's reconsideration decision is reversed.

## ORDER

We ORDER OPM to rescind its March 13, 2023 reconsideration decision, stop apportioning the annuity supplement, and refund all previously apportioned annuity supplement amounts to the appellant. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.