# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN LYN SIMPSON,

          Appellant,

      v.

DEPARTMENT OF THE NAVY,

          Agency.

DOCKET NUMBER
AT-0842-18-0549-I-2

DATE: February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stephan B. Caldwell</u>, Esquire, Riverdale, Georgia, for the appellant.

<u>Kendall Scott Rocio</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed its decision denying the appellant's request for Federal Employees' Retirement System (FERS) air traffic controller (ATC) special retirement coverage. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On July 14, 2003, the agency appointed the appellant to the position of Air Traffic Control Specialist, GS-2152-11. *Simpson v. Department of the Navy*, MSPB Docket No. AT-0842-18-0549-I-1, Initial Appeal File (IAF), Tab 10 at 127; Hearing Transcript (HT) at 139 (testimony of the appellant). On February 16, 2017, the appellant requested a position review, seeking a determination that she was entitled to special retirement coverage retroactive to her appointment date. IAF, Tab 24 at 44. On May 8, 2018, the agency issued a final decision finding that the appellant's request was untimely and that her position did not meet the requirements for special retirement coverage. IAF, Tab 13 at 21-23.

The appellant filed a Board appeal contesting the agency's decision. IAF, Tab 1. After a hearing, the administrative judge issued an initial decision reversing the agency's determination and ordering the agency to grant the appellant ATC special retirement coverage. *Simpson v. Department of the Navy*,

MSPB Docket No. AT-0842-18-0549-I-2, Appeal File (I-2 AF), Tab 20, Initial Decision (ID).  The agency has filed a petition for review, disputing the initial decision on several bases.  Petition for Review (PFR) File, Tab 1.  The appellant has responded in opposition to the petition for review, and the agency has filed a reply to the appellant's response.  PFR File, Tabs 7-8.

## ANALYSIS

Under 5 U.S.C. § 8412(e), an individual employed as an ATC is entitled to an immediate retirement annuity after 25 years of service or after becoming 50 years of age and completing 20 years of service.  This is earlier than most employees covered under FERS may retire.  *See* 5 U.S.C. § 8412(a)-(c).  In addition, individuals covered by 5 U.S.C. § 8412(e) receive an enhanced annuity compared to most employees covered under FERS.  *Compare* 5 U.S.C. § 8415(a), (i), *with* 5 U.S.C. § 8415(e).  The agency head is responsible for determining, based on the position description and other appropriate evidence, whether a given position is an ATC position.  5 C.F.R. §§ 842.803(c), .804(b).  The agency's final decision is appealable to the Board.  5 C.F.R. § 842.807(a).  An employee seeking special retirement coverage bears the burden of proving, by preponderant evidence, her entitlement to such coverage.  *Fritts v. Department of Homeland Security*, 102 M.S.P.R. 265, ¶ 6 (2006).

The appellant has rebutted the presumption that the agency's retirement status determination was correct.

If the agency head has not determined that a given position is an ATC position, and the incumbent employee has not requested such determination within 6 months of entering the position, then the agency head's determination that the service was not so covered at the time of the service is presumed to be correct.  5 C.F.R. § 842.804(c).  The employee may rebut this presumption by showing that she was unaware of her status or was prevented by cause beyond her control from requesting that the official status be changed at the time the service

was performed. *Id*. If the employee does not request ATC credit within the 6-month period specified in section 842.804(c) or show good cause for the failure to do so, the agency's determination will be deemed conclusive and the Board will not review the merits of that determination. *Bingaman v. Department of the Treasury*, 127 F.3d 1431, 1441 (Fed. Cir. 1997).

In her initial decision, the administrative judge found that, although the appellant did not request a coverage determination within 6 months of entering the Air Traffic Control Specialist position, she was unaware of her status at the time and requested a coverage determination promptly after she learned of her status. ID at 2-4. Specifically, the administrative judge found that the appellant was not initially aware of her status and believed that she was covered under the ATC retirement system. ID at 3. It was not until she attended a 2013 retirement seminar that the appellant noticed that her leave and earnings statement indicated that she was not in the ATC special retirement system. *Id*. The seminar instructor told the appellant that this was probably a coding error, and that she should contact the Defense Finance Accounting Service to get it corrected. ID at 3-4. However, once it became clear that this was more than a coding issue, the appellant "began to vigorously pursue[] the matter." ID at 4. Based on these facts, the administrative judge found that the appellant successfully rebutted the presumption of 5 C.F.R. § 842.804(c) and proceeded to the merits of the retirement coverage determination. ID at 4.

On review, the agency argues that the evidence does not support the administrative judge's findings. PFR File, Tab 1 at 9-12, 17-25. Specifically, the agency argues that there is no evidence to support the appellant's testimony that she attempted to correct her retirement coverage expeditiously after the 2013 retirement seminar; the earliest documentary evidence of the appellant's attempt to correct her retirement coverage dates to March 2016—3 years after the 2013 retirement seminar. PFR File, Tab 1 at 9-11, 19-20; IAF, Tab 13 at 7-9. In fact, the appellant made several prior inconsistent statements about when the

retirement seminar was held and when she first attempted to contest her retirement coverage. PFR File, Tab 1 at 11-12, 20-23. The agency argues that, by waiting 3 years to pursue special retirement coverage, the appellant did not act expeditiously and therefore failed to rebut the presumption of correctness as set forth in 5 C.F.R. § 842.804(c). *Id*. at 23-25.

We find that the agency's arguments provide no basis to disturb the initial decision because they conflate the date on which the appellant became aware of a problem with her retirement coverage code with the date on which she became aware of a problem with her actual retirement coverage. The administrative judge did not find that the appellant became aware of her retirement status during the 2013 seminar. Rather, she found that the appellant became aware that the coding on her leave and earnings statement was inconsistent with ATC special retirement coverage. ID at 3-4. Her efforts to correct the coding issue do not show that she was yet aware that she was actually in a non-ATC retirement system. *See Streeter v. Department of Defense*, 80 M.S.P.R. 481, ¶ 9 (holding that, when an appellant claims that she was unaware of her retirement status under 5 C.F.R. § 842.804(c), the question is whether she was actually unaware). In other words, the appellant was under the impression that the coding did not match her coverage. It was during this process of attempting to correct the presumed coding error that the appellant learned that the coding was correct and that her position had been excluded from ATC special retirement coverage. ID at 4.

There is nothing in the record to contradict the administrative judge's finding that the appellant worked expeditiously thereafter to attain ATC special retirement coverage. ID at 3-4. Not only is this finding consistent with the appellant's testimony, HT at 142-82 (testimony of the appellant), but it is also consistent with the documentary evidence that the agency cites on review. This evidence shows that, on March 23, 2016, the appellant contacted the agency's Civilian Benefits Center (CBC), stating that she was "in the Wrong [sic] retirement code." I-2 AF, Tab 13 at 7-8. The CBC worked on the issue for

several months, trying to get the retirement code "corrected." *Id*. at 8. It was not until June or July 2016 that a human resources official notified CBC that the coding was not a clerical error because the appellant's position description "does not reflect the duties of an ATC and should not be in the coverage." *Id*. The earliest documentary evidence even suggesting that the agency informed the appellant of her status is a CBC case log entry dated July 6, 2016, stating that the appellant's supervisor had briefed her on the issue. *Id*. According to the agency, the appellant requested a new coverage determination on October 13, 2016— approximately 3 months later. IAF, Tab 13 at 21. Because the appellant sought a special retirement coverage determination within 6 months of the date that she became aware of her status, we find that the presumption of correctness under 5 C.F.R. § 842.804(c) has been rebutted and that the Board may review the merits of the agency's determination. *See Mosely v. Department of Veterans Affairs*, 86 M.S.P.R. 302, ¶¶ 8-9 (2000).

<u>The appellant has stated a claim upon which relief can be granted.</u>

An appeal within the Board's jurisdiction may be dismissed for failure to state a claim if the appellant cannot obtain effective relief before the Board even if her allegations are accepted as true. *Young v. Federal Mediation and Conciliation Service*, 93 M.S.P.R. 99, ¶ 5 (2002), *aff'd*, 66 Fed. App'x 858 (Fed. Cir. 2003). In this case, the agency argued that, if the Board were to find that the appellant's Air Traffic Control Specialist position met the requirements for ATC coverage, then the maximum separation age provisions of 5 U.S.C. § 8425(a) would also apply. I-2 AF, Tab 5 at 5. Applying those provisions, the appellant's age would preclude her from serving the minimum 20 years in her position before reaching her mandatory separation date. *Id*. at 6. The agency argues that, therefore, the appellant can present no set of facts in which she could actually obtain an ATC retirement, and so her appeal should be dismissed for failure to state a claim upon which relief can be granted. *Id*. at 7-8. The administrative judge denied the agency's motion, finding that the issue before her

was the retirement system in which the appellant should be placed—not whether she is ultimately entitled to receive an ATC annuity. I-2 AF, Tab 10 at 1-2. The agency contests this ruling on review. PFR File, Tab 1 at 13-17.

We decline to revisit the administrative judge's ruling because, whatever the merits of the agency's argument, the issue is now moot. According to the agency, the appellant's mandatory separation date would have been in April 2023, but she would not have had 20 years of service as an Air Traffic Control Specialist until 3 months later—July 14, 2023. PFR File, Tab 1 at 16. Both of those dates have now passed. Therefore, the appellant now has more than 20 years of service in her position, regardless of whether she should have, in hindsight, been separated before she reached that mark. In other words, even assuming that the agency should have separated the appellant from service in April 2023, the agency did not do so, and the appellant's age is no longer a bar to her earning an ATC annuity.

<u>The appellant's Air Traffic Control Specialist position meets the requirements for air traffic controller special retirement coverage.</u>

For purposes of special retirement coverage, an ATC is "a civilian employee of the Department of Transportation or the Department of Defense in an air traffic control facility or flight service station facility who is actively engaged in the separation and control of air traffic or in providing preflight, inflight, or airport advisory service to aircraft operators." 5 U.S.C. §§ 2109(1), 8401(35); 5 C.F.R. § 842.802. The agency denied the appellant's request for ATC coverage, finding that the "primary duties" of her position were not to engage in the separation and control of aircraft but to "plan, establish, and conduct a continuing training and proficiency development program for the local ATC facility." IAF, Tab 13 at 21-22, 61-63. According to the agency, to meet the "actively engaged" requirement of the statute, Department of Defense (DOD) components require that an employee be actively engaged in separating and controlling aircraft at least 25% of the time, whereas the appellant was actively

engaged in separating and controlling aircraft only about 15% of the time. *Id*. at 12-14.

In her initial decision, the administrative judge found that the agency's 25% requirement had no support in the statute or the Office of Personnel Management's (OPM) implementing regulations. ID at 7. She found that, although the statute required firefighters and law enforcement officers to perform certain duties as their "primary duties" as a condition of special retirement coverage, there was no such "primary duty" requirement for ATCs. *Id*. Because it was undisputed that the appellant was actively engaged in the separation and control of aircraft at least some of the time, even if was not her primary duty, the administrative judge found that she was entitled to ATC special retirement coverage. ID at 6-8.

On petition for review, the agency argues that the Department of the Navy, the Department of the Army, and the Department of the Air Force all use the 25% requirement for ATC special retirement coverage. PFR File, Tab 1 at 25. It explains that, because the statutes and regulations do not specify what percentage of time an employee must spend actively engaged in separating and controlling aircraft, DOD looked to OPM's classification standards for guidance. *Id*. The classification standards provide that an employee's duties are "significant and substantial" when they occupy at least 25% of her time, and so the agency adopted this as a reasonable threshold for ATC special retirement coverage. *Id*.; IAF, Tab 10 at 26, Tab 13 at 62.

However, the question is not whether the 25% requirement is reasonable—the question is whether it is lawful. For the reasons explained by the administrative judge, we find that it is not. ID at 6-8. The agency does not seem to have considered that the statutes and regulations are silent on the minimum percentage of ATC duties required because there was no minimum percentage intended. The plain language of the statute provides ATC retirement coverage for employees who are actively engaged in the separation and control of aircraft—

full stop. 5 U.S.C. §§ 2109(1)(A)(i); 8401(35), 8412(e). Unlike special retirement for firefighter and law enforcement positions, there is no requirement that such ATC duties be "primary," "significant and substantial," occupy a certain percentage of the employee's time, or anything of the sort. 5 U.S.C. § 8401(14)(A)(i), (17)(A)(i); 5 C.F.R. § 842.802. Congress's decision to omit a primary duty requirement from its definition of ATC has every appearance of being intentional in light of its decision to include such a requirement for firefighters and law enforcement officers in the very same statute. "When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Moulton v. Office of Personnel Management*, 2023 MSPB 26, ¶ 17 (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)); *see Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1353 (Fed. Cir. 2021). This principle applies all the more strongly when comparing provisions found in the same section of a statute.

DOD's policy imposing a 25% time threshold is not a procedural mechanism, a gap-filling measure, or a resolution of ambiguity. It is an additional substantive requirement for ATC special retirement coverage that the agency has added on top of the requirements already imposed by Congress. As a result, the agency's ATC special retirement coverage policy is contrary to the law. *See United States v. Picciotto*, 875 F.2d 345, 348 (D.C. Cir. 1989) (holding that a policy that adds a requirement not found in the relevant statute and regulation is a substantive rule that is invalid unless it is promulgated with notice and comment).[2] The agency is attempting to make this case more complicated than it is. It is undisputed that the appellant is actively engaged in ATC duties at

---

[2] We note that OPM—not DOD or any DOD component—is the agency authorized to prescribe regulations to carry out 5 U.S.C. chapter 84. 5 U.S.C. § 8461(g). The agency has identified nothing in OPM's regulations or guidance to support its position in this case. In this regard, we observe that not even OPM has been authorized to create new substantive requirements for ATC special retirement coverage.

least some of the time. PFR File, Tab 1 at 26. Therefore, she meets the definition of ATC for purposes of 5 U.S.C. § 8401(35). Because the appellant meets this definition, she is entitled to special retirement coverage under 5 U.S.C. § 8412(e). No further analysis is required.

## ORDER

We ORDER the agency to grant the appellant the appropriate amount of ATC retirement credit. In connection with these awards, the appellant is ORDERED to make appropriate arrangements with the agency to deposit into the Civil Service Retirement and Disability Fund an amount to cover the higher withholding rate that applies to aircraft controller positions.

We also ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.